IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| DEWAYNE PROVENCE, CARLINE PROVENCE, CHARLEY TRANSPORTATION, INC., CHARLEY LEASING, LLC, CAMEL LOGISTICS, INC., and CHARLEY LOGISTICS, INC., | |
| Plaintiffs, | CIVIL ACTION |
| v. | No. 10-2239-KHV |
| NATIONAL CARRIERS, INC., and NATIONAL ELITE TRANSPORTATION, LLC, | |
| Defendants. | |

## MEMORANDUM AND ORDER

Plaintiffs Dewayne Provence, Carline Provence, Charley Transportation, Inc., Charley Leasing, LLC, Camel Logistics, Inc. and Charley Logistics, Inc. bring state law claims against defendants National Carriers, Inc. and National Elite Transportation, LLC. Plaintiffs' sole basis for subject matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332. This matter comes before the Court on defendants' Motion To Dismiss Complaint (Doc. #12) filed May 24, 2010. For reasons set forth below, the Court finds that defendants' motion should be sustained.

As noted, plaintiffs seek to invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs bear the burden of establishing jurisdiction. Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. See Frederick & Warinner v. Lundgren, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)). In determining whether plaintiffs have presented sufficient facts to establish diversity jurisdiction, the Court first looks to the face of the complaint, ignoring merely conclusory allegations of jurisdiction. See Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys.,

Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). Plaintiffs must meet the requirement of the diversity statute for each defendant or face dismissal. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989).

For purposes of the diversity statute, a corporation is a citizen of both the state of its incorporation and the state of its principal place of business, see 28 U.S.C. § 1332(c)(1). For the purpose of diversity jurisdiction, an LLC is a citizen of each state of which a member is a citizen.[1]

The complaint alleges that plaintiffs DeWayne Provence and Carline Provence are residents of Arkansas. It further alleges that plaintiffs Charley Transportation, Inc., Camel Logistics, Inc., Charley Leasing, Inc, and Charley Logistics, Inc., are incorporated in Arkansas and have their principal place of business in Arkansas, and therefore each are citizens of Arkansas. The complaint further alleges that defendant National Carriers, Inc. is incorporated in Kansas and has its principal place of business in Kansas. Plaintiffs also allege that defendant National Elite Transportation, LLC ("NET") is a limited liability company organized under the laws of the State of Delaware and that NET's principal place of business is in Kansas. Finally, plaintiffs allege that NET was a wholly-owned and operated subsidiary of National Carriers, Inc. and therefore is a citizen of Delaware and Kansas.

In support of their motion to dismiss, defendants have produced evidence that NET is not

---

[1] See Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006); Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); Provident Energy Assocs. of Mont. v. Bullington, 77 Fed. Appx. 427, 428 (9th Cir. 2003); Homfeld II, L.L.C. v. Comair Holdings, Inc., 53 Fed. Appx. 731, 732-33 (6th Cir. 2002); Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); Tilzer v. Davis, Bethune & Jones, LLC, No. 03-2661-JWL, 2004 WL 825289, at *2 (D. Kan. April 14, 2004).

a wholly owned subsidiary of National Carriers, Inc. Rather, it is a limited liability company whose managing member is National Beef Packing Company, LLC ("National Beef"). See Ex. A to Doc. # 33.[2] One member of National Beef is U.S. Premium Beef, L.L.C., whose members include citizens of Arkansas. Ex. A, Hunt Decl. Because an LLC is a citizen of each state of which a member is a citizen, defendant NET is a citizen of Arkansas. Further, because plaintiffs are citizens of Arkansas, the parties in this case lack complete diversity of citizenship. The Court therefore dismisses the action for lack of subject matter jurisdiction.[3]

**IT IS THEREFORE ORDERED** that defendants' Motion To Dismiss Complaint (Doc. #12) filed May 24, 2010 be and hereby is **SUSTAINED**.

Dated this 16th day of August, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court

---

[2] Plaintiffs have not produced any evidence to the contrary.

[3] In light of this ruling, the Court does not address defendants' other arguments for dismissal of the claims against them.